IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ANGELA T. DANZY,

    Plaintiff,

vs.                                      CASE NO. 1:07CV175-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying her applications for disability insurance benefits (DIB) under Title II and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.    PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on March 23, 2004, alleging a disability onset date of September 25, 2003, because of degenerative disc disease and hypertension. Plaintiff petitioned for a hearing before an administrative law judge (ALJ),

who conducted a hearing on May 2, 2006, and entered an unfavorable decision on June 22, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B.    FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had severe impairments, degenerative disc disease and hypertension, but that these impairments did not meet the listings. The ALJ found Plaintiff capable of performing light work with some limitations in postural movements. The ALJ found that the objective evidence did not support the levels of pain and limitation reported by the Plaintiff or the extreme limitations found by Dr. Gavin in her assessment dated April 26, 2006 and April 28, 2006. Consequently, the ALJ found Plaintiff capable of performing her past relevant work as an insurance specialist, child care provider, and clerical assistant.

**C.    ISSUES PRESENTED**

Plaintiff argues that there was not substantial evidence for rejecting the opinion of the treating physician, Dr. Sharon Gavin, who completed a pain assessment wherein she found Plaintiff to have marked pain that would prevent her from working.

The government responds that Dr. Gavin's treatment notes show well controlled hypertension and improving back pain, thus the notes do not support the extreme and marked limitations noted in her assessment. The assessment relied upon by the Plaintiff does not refer to any objective tests as supporting the limitations noted. Examinations by other physicians also do not support such severity and the latest MRI done on June 3, 2005, (R. 270), showed a small disk protrusion that did not correspond, in Dr. Kalman's opinion, to the level of pain reported by her. (R. 183). Plaintiff's reported daily

No. 1:07CV175-MMP/AK

activities of caring for two small children is inconsistent with her reports of staying in bed most of the day five days a week.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

### D.    STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the

Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?
2. Does the individual have any severe impairment?
3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

**No. 1:07CV175-MMP/AK**

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff has a history since October 2003 of treatment for low back pain and hypertension. The back pain began "insidiously with no precipitating trauma." (R. 114). An MRI on April 6, 2004, showed degenerative discs at L-3-4, L4-5, and L5-S-1, with an L4-5 herniation, for which Dr. Rechtine recommended exercise and physical therapy. (R.114-120).

Dr. Kaplan at the Spine Care Center shows improving back pain after physical therapy (R.177-178) and mostly normal to negative physical examination findings and range of motion testing. (R. 179-181). He found her pain to be inconsistent with the MRI, but recommended continued physical therapy and muscle relaxants. (R. 183).

Treatment notes of Dr. Gavin show that treatment for her back was referred to Dr. Kaplan, her hypertension was controlled, and she reported periods of time when her back pain was manageable. (R. 278-285). There were no abnormalities found on examination, the reports regarding her back pain were all subjective.

Dr. Gavin's assessment dated April 26, 2006, shows marked and extreme findings regarding her pain and limitation. (R. 286-291, 292-294).

### F.   SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff appeared on May 2, 2006, with her attorney and testified that she was 36 years old at the time of the hearing and completed high school. (R. 322). She lives with her husband and two children, eight and two. (R. 322). She reports lower back and hip pain at a level 8, which prevents her from sitting more than 2 hours at a time, standing no more than 45 minutes, and walking no more than one mile. (R. 324-325). She reportedly spends about 20 hours out of a 24 hour period flat on her back five to six days a week. (R. 326-327). She folds clothes and sprays the shower, but the rest of her household chores are performed by her husband and goddaughter. (R. 327). She does nothing for fun any more. (R. 327). She takes pain medication which makes her

drowsy and she does physical therapy. (R. 331). She tried injections, but they worked only a few days. (R. 331). No doctor has suggested surgery. (R. 332).

**G.    DISCUSSION**

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Nevertheless, the ALJ may discount the treating physician's opinion if good cause exists to do so. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)). If an ALJ rejects a treating physician's opinion, he must give explicit, adequate reasons for so doing, and failure to do so results in the opinion being deemed accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).

**No. 1:07CV175-MMP/AK**

The ALJ referred to specific objective tests, the MRI on June 3, 2005, that does not support the level of pain and limitation reported by the Plaintiff and that Dr. Gavin's own treatment notes do not support such extreme findings noted by the physician in her assessment.  These are, in the opinion of the undersigned, explicit, adequate reasons for rejecting the opinion of Dr. Gavin expressed in the functional assessment.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  _12th_  day of February, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:07CV175-MMP/AK**